UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Edward L. Kochheiser, | ) | CASE NO. 1:14 CV 1991 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Carolyn Colvin, | ) | **Memorandum of Opinion and Order** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Kathleen B. Burke (Doc. 19)("R&R") recommending that the decision of the Commissioner be affirmed. Plaintiff filed objections to the R&R. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72(b)(3), which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

>Dispositive Motions and Prisoner Petitions.
>The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." *(citing United States v. Raddatz*, 447 U.S. 667 (1980)).

### **ANALYSIS**

Plaintiff objects to the R&R on the basis of the treating physician rule. According to plaintiff, the Administrative Law Judge ("ALJ") improperly applied the rule and failed to provide sufficient reasons for rejecting plaintiff's treating source. Plaintiff's argument is rejected. As thoroughly analyzed by the Magistrate Judge, the ALJ did not err in applying the rule. Rather, the decision provides an analysis of the reasons for rejecting the opinions of plaintiff's treating source, including that severe limitations suggested by the treating source are inconsistent with the "unremarkable physical and diagnostic testing throughout the treatment record." The ALJ further relies on the two consultive examinations which showed largely normal findings regarding plaintiff's back. While the ALJ could have been more thorough, read in context of the ALJ's analysis of the medical evidence, the Court cannot say that the ALJ erred in applying the treating physician rule. Accordingly, the objection is not well-taken.

### **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in the R&R which is incorporated as if fully rewritten herein, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

                /s/ Patricia A. Gaughan
                PATRICIA A. GAUGHAN
                United States District Judge

Dated: 7/6/15